IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marquives Boatwright, | ) | C/A No. 0:23-5069-TMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Donnie Stonebreaker, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Marquives Boatwright, a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 31.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Boatwright of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 32.) Boatwright filed a response in opposition. (ECF No. 34.) Having carefully considered the parties' submissions and the record in this case, the court finds that Boatwright's Petition is barred by 28 U.S.C. § 2244(d) because it is untimely.

**BACKGROUND**

Boatwright was indicted in 2014 in Darlington County for criminal sexual conduct with a minor, victim 11-14 years of age. (App. at 32-33, ECF No. 30-1 at 35-36.) Boatwright was represented by Kevin Etheridge, Esquire, and on October 18, 2017 pled guilty as charged. (App. at 4-18, ECF No. 30-1 at 7-18.) The court sentenced Boatwright to fifteen years' imprisonment. (App. at 18, ECF No. 30-1 at 21.) Boatwright did not appeal his conviction or sentence.

Boatwright filed a *pro se* application for post-conviction relief ("PCR") on June 27, 2018, which he later amended through counsel. (Boatwright v. State of South Carolina, 2018-CP-16-0561, App. at 22-29, ECF No. 30-1 at 25-32.) On February 20, 2018, the PCR court held an evidentiary hearing at which Boatwright testified and was represented by Overture E. Walker, Esquire. (App. at 43-82, ECF No. 30-1 at 46-85.) By order filed May 24, 2021, the PCR court dismissed Boatwright's PCR application with prejudice. (App. at 84-104, ECF No. 30-1 at 87-107.)

Counsel for Boatwright, Taylor D. Gilliam, Esquire, Appellate Defender for the South Carolina Commissioner on Indigent Defense, filed a Johnson[1] petition for a writ of certiorari and a petition to be relieved as counsel on November 23, 2021. (ECF No. 30-3.) On January 23, 2023, the South Carolina Court of Appeals denied Boatwright's petition for a writ of certiorari and granted counsel's motion to withdraw from further representation. (ECF No. 30-5.) The remittitur was issued February 10, 2023 and filed with the Darlington County Clerk of Court on February 13, 2023. (ECF No. 30-6.)

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967), to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

Boatwright filed his federal Petition for a writ of habeas corpus on October 4, 2023.[2] (ECF No. 1.)

## FEDERAL HABEAS ISSUES

Boatwright's federal Petition for a writ of habeas corpus raises the following issues, quoted verbatim:

**Ground One:** Counsel ineffective for failing to file a 'Notice of Appeal' for Petitioner when Petitioner told counsel to file an appeal[.]

**Ground Two:** Counsel ineffective for failing to file for a sentence reconsideration for Petitioner[.]

**Ground Three:** Counsel ineffective for failing to object to the plea sentencing Judge's personal biased and improper prejudicial comments toward Petitioner at Petitioner's plea sentencing hearing.

**Ground Four:** Counsel failed to adequately investigate the criminal charge(s) for which applicant was convicted and prepare a defense for trial. Further, plea counsel deprived applicant of an opportunity to review the State's evidence and assist in the preparation of his defense.

**Ground Five:** Counsel failed to call or contract material witnesses whose testimony would have been favorable to applicant.

**Ground Six:** Counsel advised Petitioner to enter a guilty plea that was knowingly and/or intelligently made.

**Ground Seven:** Counsel pressured and improperly induced him to enter an involuntary guilty plea based on statements and representations made by counsel[.]

---

[2] There is no stamp from the prison mailroom on the envelope containing the Petition. However, based on the return address and the postmark zip code, it appears that this Petition was mailed from the prison. Moreover, Boatwright's Petition contains a declaration under penalty of perjury that his Petition was signed and placed in the prison mailing system on October 4, 2023. Therefore, the court uses this date as the filing date. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

**Ground Eight:**  Counsel failed to inform Petitioner of his right to appeal his guilty plea and sentence, and/or failed to initiate an appeal of the same on his behalf notwithstanding Applicant's request.

(Pet., ECF No. 1-1).

## DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.  The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by

the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     Statute of Limitations**

The respondent argues that Boatwright's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 565 U.S. 134 (2012). Boatwright's conviction became final ten days after October 18, 2017, the date of his plea and sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Thus, his conviction became final on October 30, 2017.[3] Accordingly, the limitations period began to run on October 31, 2017, and expired October 30, 2018, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Boatwright filed his state PCR application on June 27, 2018. At that point, 239 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until February 10, 2023, when the South Carolina

---

[3] October 28, 2017 was a Saturday; therefore, Petitioner had until the following Monday, October 30, 2017 to file his appeal. See Rule 263(a), SCACR.

Court of Appeals issued the remittitur from its order denying Boatwright's Johnson petition for a writ of certiorari.[4] Accordingly, Boatwright had until June 16, 2023 to file a timely federal habeas petition.

Boatwright's federal Petition was filed on October 4, 2023—over three months after the expiration of the statute of limitations.

## C.    Boatwright's Arguments

Boatwright utterly fails to address in his response the respondent's argument in his motion that Boatwright's Petition is untimely filed. However, in his Petition, Boatwright argues that on August 30, 2023 he wrote a letter to his PCR counsel inquiring whether "any documents [have been] filed on [his] behalf pertaining to [his] case for a rehearing." (ECF No. 1-1 at 2-3.) The South Carolina Commission on Indigent Defense responded to his letter, noting that no petition for rehearing was filed in Boatwright's case and reiterating that Boatwright was informed by in his PCR counsel's closing letter that "**it is your responsibility alone to ensure that you do not miss the statute of limitations to file an application for federal habeas corpus in the United States District Court.**" (ECF No. 1-1 at 4.) As noted above, Boatwright's PCR counsel was relieved on January 23, 2023 of his obligation to further represent Boatwright.

To avoid application of the statute of limitations to the instant federal habeas corpus Petition, Boatwright must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 560 U.S. 631 (2010) (concluding that

---

[4] The court has used the date that the remittitur was issued. See Gonzalez, 565 U.S. at 152 n.10 (distinguishing between the provisions of § 2244(d)(2) and (d)(1)); see also Rule 221(b), SCACR. However, out of an abundance of caution, even considering the date that the remittitur was filed with the Darlington County Clerk's office, Boatwright's Petition was still untimely filed. See Beatty v. Rawski, 97 F. Supp. 3d 768, 772-76 (D.S.C. 2015) (tolling the statutory deadline until the remittitur is filed in the county clerk's office).

§ 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (*en banc*) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Boatwright has not established grounds for equitable tolling and has failed to show that he has been diligently pursuing his rights. See Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."); Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court).

To the extent Boatwright argues that inadequate representation somehow caused or contributed to his Petition being untimely, such arguments are unavailing. Although attorney misconduct that is beyond a garden variety claim of attorney negligence may present a basis for equitable tolling, the allegations in this case do not support a finding of "egregious" misconduct by counsel sufficient to create an extraordinary circumstance that warrants equitable tolling. See Holland, 560 U.S. at 651-52 (finding that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable

tolling") (internal quotations and citations omitted).  Moreover, the record is clear that PCR counsel was relieved as of the Court of Appeals's January 23, 2023 order from any obligation representing Boatwright, making Boatwright entirely responsible for ensuring his federal Petition was timely filed.

As discussed above, at the conclusion of his PCR litigation, Boatwright still had over four months in which to file his federal habeas petition, yet the record is clear that Boatwright waited approximately eight months after the conclusion of his PCR litigation before he did so. Accordingly, this court cannot say that Boatwright has been pursuing his rights diligently.  See Harris, 209 F.3d at 330; see also Pace, 544 U.S. at 419.  Additionally, to the extent Boatwright was not aware of the statute of limitations deadlines (although he does not argue this), such argument does not avail him, as it is well recognized that such factors do not warrant equitable tolling.  See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks and citations omitted); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("Owens is young, has a limited education, and knows little about the law.  If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers."); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*:  having an inadequate law library, . . . claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.").

For the reasons stated above, Boatwright cannot show that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way such that he is entitled to equitably toll the one-year statute of limitations. <u>Rouse</u>, 339 F.3d at 246.

## RECOMMENDATION

Boatwright has failed to present grounds that would entitle him to equitable tolling. The court therefore recommends that the respondent's motion for summary judgment (ECF No. 31) be granted and Boatwright's Petition dismissed with prejudice as untimely.

September 11, 2024
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).